UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VICENTE QUINTANILLA LORENZANA,

*Petitioner*,

v. Case No. 3:26-cv-2756-JEP-LLL

WARDEN, NORTH FLORIDA DETENTION FACILITY, et al.,

*Respondents*.
__________________________________/

# ORDER

Petitioner, a detainee of the United States Immigration and Customs Enforcement, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that his detention is governed by 8 U.S.C. § 1226(a) and violates the Due Process Clause. (*See* Doc. 1 at 2–3). As relief, he seeks, in part, release from custody or an individualized bond hearing. (*Id.* at 5).

The Federal Respondent filed a response conceding that Petitioner is entitled to an individualized bond redetermination hearing under 8 U.S.C. § 1226, in accordance with the Eleventh Circuit's decision in *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026). (*See* Doc. 5 at 1, 3). Based on the Federal Respondents' understanding that the petition asserts a claim under § 1226(a), this Court

construes the petition to assert a claim under that statute. *See United States v. Ogiekpolor*, 122 F.4th 1296, 1304 (11th Cir. 2024) ("[Courts] liberally construe *pro se* filings.").

Accordingly, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that his detention is governed by 8 U.S.C. § 1226(a).[1] Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner, they shall provide Petitioner with access to a telephone to arrange transportation from the detention facility.[2]

2. The Warden's motion to dismiss (Doc. 4) is **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't*,

---

[1] Because the Court grants relief on this claim, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[2] Petitioner is not entitled to immediate release. *See, e.g., Valiente Perez v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2417-KCD-NPM, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "'comfortable majority position'" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not immediate release").

No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at *2–3 (M.D. Fla. Apr. 14, 2026).

3. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, this 6th day of November, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Pro se Petitioner
Counsel of Record